**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6239**

TRAVIS L. WATSON,

          Petitioner - Appellant,

   v.

DENNIS DANIELS,

          Respondent - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:19-cv-00249-LCB-LPA)

Submitted:  June 28, 2021                        Decided:  July 8, 2021

Before NIEMEYER, MOTZ, and KEENAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Travis L. Watson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Watson seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 petition. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that relief be denied and advised Watson that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); *Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). Although Watson received proper notice and filed timely objections to the magistrate judge's recommendation, he has waived appellate review of his claim that he was denied the right to counsel during a hearing on his state application for a writ of habeas corpus because he did not specifically object to that portion of the recommendation. *See Martin*, 858 F.3d at 245 (holding that, "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" (internal quotation marks omitted)).

Watson's appeal of the remaining portion of the district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district

2

court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Watson has not made the requisite showing for his remaining claims.

Accordingly, we deny a certificate of appealability and dismiss the appeal. We also deny Watson's motions for leave to use the original record, a transcript at the Government's expense, and for judicial notice, and deny as moot Watson's motion for a final disposition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*